# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SIR ALLYN Q. HATTEN,** ) | **CASE NO. 1:19 CV 1817** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| **STATE OF OHIO,** ) | |
| ) | |
| **Defendant.** ) | |

*Pro se* Plaintiff Sir Allyn Q. Hatten brings this action against the State of Ohio seeking a permanent injunction. In his brief complaint, Plaintiff alleges that the State of Ohio has a plan to libel and slander Plaintiff, which will cause him harm that cannot be remedied by money damages because Plaintiff "has been incarcerated as it has happened in the past." Doc. #: 1. In the civil cover sheet filed with the Complaint, Plaintiff identifies Ohio Rev. Code § 2743.48 (Action against state for wrongful imprisonment) as the statute under which he seeks relief, and "false imprisonment" as his cause of action. Doc. #: 1-2.

Plaintiff seeks to proceed with this action in forma paupers (Doc. #: 2), and that motion is granted.

For the reasons that follow, this action is dismissed.

## A. Standard of Review

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

While Plaintiff's Complaint is entitled to liberal construction, the Court is not required to conjure unpleaded facts or construct claims on Plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## B. Analysis

Federal courts are courts of limited jurisdiction and have authority to decide only the cases that the Constitution and Congress have empowered them to resolve. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Federal courts "have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citations omitted). Plaintiff, as the party bringing this action in federal court, bears the burden of establishing the Court's jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority

over a case only when the case raises a federal question (28 U.S.C. § 1331) or when diversity of citizenship exists between the parties (28 U.S.C. § 1332). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required."). Jurisdiction pursuant to § 1331 requires the presence of a federal question, that is, where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Plaintiff is proceeding *pro se* and, therefore, enjoys the benefit of a liberal construction of the Complaint. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). But even with the benefit of liberal construction, Plaintiff has not alleged a federal question and none is apparent on the face of the Complaint.

Federal jurisdiction pursuant to § 1332 requires complete diversity and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, Plaintiff must show that he is a citizen of one state and Defendants are citizens of other states. There are no allegations in the Complaint from which this Court may infer the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In the absence of a cognizable federal question or a claim over which this Court may exercise diversity jurisdiction, the Court lacks subject matter jurisdiction and this acton is dismissed pursuant to Rule 12(h)(3). *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978) ("Rule 12(h)(3) preserves and recognizes the court's time-honored obligation, even *sua sponte*, to dismiss any action over which it has no subject-matter jurisdiction."). To the extent that Plaintiff is attempting to assert state law claims, those claims are dismissed

without prejudice.

**C. Conclusion**

For all of the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's motion to proceed *in forma pauperis* is granted. Doc. #: 2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                     s/ *Dan Aaron Polster*    12/30/2019
                                     **DAN AARON POLSTER**
                                     **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.